By the Court, Beardsley, J.
If the deed from Comstock and Taft to Abiather Power conveyed the whole of lot number fourteen, it cannot be denied that a complete defence was made out to the present action. That Comstock and Taft owned the lot, was not controverted at the trial; and it was proved that Abiather Power had executed a deed purporting to convey the whole of it to the defendant. In this view of the case, therefore, the only question is as to the meaning and effect of the deed from Comstock and Taft to Abiather Power.
The description in this deed is as follows: “All that certain *455 tract or parcel of land situate in township number eleven in the third range of townships, county of Ontario and state of New-York, it being one hundred and sixty acres of land, in lot number fourteen, with all the hereditaments and appurtenances thereunto belonging.”
Lot number fourteen, mentioned in the description, contains one hundred and eighty-five acres of land. But if the lot contained five hundred, instead of one hundred and eighty-five acres, the difficulty would be no greater than now exists ; nor do I perceive it would be less, if the true number was only one hundred and sixty-one acres. The doubt is as to the “ tract or parcel”—not as to its size—and that portion of the description which mentions the number of acres, affords no aid whatever in ascertaining the particular piece of land intended. Indeed, I have no hesitation in saying that if we reject the number of the lot, the deed is void on the ground of uncertainty. Take the residue of the description—•“ all that certain tract or parcel of land,” “ being one hundred and sixty acres”—and it amounts to nothing, although it declares the land to be situate in a particular township, county and state. If it should appear that there was but one tract of that precise number of acres in the township named, such a description might perhaps be certain enough. In the present case, however, if the words, a “ certain tract &c., being one hundred and sixty acres of land, in lot number fourteen,” are understood to be descriptive of a part only of that lot, nothing can be more uncertain. The lot contains one hundred and eighty-five acres ; and as it has no such subdivision as one hundred and sixty acres, how can these words be made to indicate a “ certain tract” of that size 1 In truth, the number of the lot ascertains the tract intended to be conveyed, or there is nothing in the deed by which it is done. The number of acres named gives no aid on the point of identity, and can only be regarded as an attempted designation of quantity which turns out to be erroneous.
But a deed will not be held void because some of its parts are ambiguous or contradictory. If upon the whole instrument there is enough to indicate what the parties intended, with reasonable certainty, that will suffice. Words, if necessary, may *456 be supplied by intendment, and particular clauses and provisions qualified, transposed or rejected, in order to ascertain and give effect to the intention. “All ambiguity of words within the deed,” as Lord Bacon expresses it, “ may be helped by construction (1 Phil. Fv. 538;) and courts will labor diligently to make deeds effectual between parties, rather than reject them as unintelligible and nugatory. “ I do exceedingly commend the judges,” says Lord Hobart, (Earl of Clanrickard’s case, Hob. 277,).“that are curious and almost subtile, astuii, to invent reasons and means to make acts according to the just intent of the parties, and to avoid wrong and injury which by rigid rules might be wrought out of the act”—a sentiment which has received the approval of the wisest sages of the law. (1 Vent. 141; 2 Wils. 78.)
It is our duty then, by a proper construction of this deed, to ascertain if we can what land it was designed to convey. “ Whenever,” says Chief Justice Willes, “ it is necessary to give an opinion upon the doubtful words of a deed, the first thing we ought to inquire into is, what was the intention of the parties. If the intent be as doubtful as the words, it will be of no assistance at all. But if the intent of the parties be plain and clear, we ought if possible to put such construction on the doubtful words of a deed, as will best answer the intention of the parties, and reject that construction which manifestly tends to overturn and destroy it.” (Parkhurst v. Smith, Willes’ Rep. 332.)
Now it is plain upon the words of this deed, as fraud is not pretended, that the parties intended it should be an effective conveyance. It was given in consideration of six hundred and forty dollars paid to- the grantors, and there can be no doubt that they designed to transfer to the grantee a valid title to some piece of land. They intended to transfer, moreover, not.merely a right to select a given number of acres out of a larger tract, but the particular piece of land which the deed assumes to describe. The subject matter is declared to be a “ certain tract or parcel of land,” and “ all” of that tract or parcel. And such being the intent expressed by the deed, every *457 word contained in it should be understood as designed to carry that intent into effect.
The substance of every grant is but a declaration of the owner’s will to transfer a thing to another, and if by any words his intention to pass the thing appears, a slight mistake or error in the description will not vitiate the grant. (Bac. Air. tit. Grants, (H.) ) “ Too much regard is not to be had to the natural and proper signification of words and sentences, to prevent the simple intention of the parties from taking effect.” (Parkhurst v. Smith, 2 Willes' Rep. 332.) “ Construction shall be made of words, if it can, to support that which seems to be the intent of the parties.” (Comyn's Dig. tit. Parols, (A. 23.) “Ambiguous words shall be expounded as near to the intent as maybe.” Comyn’s Digest, tit. Parols, (A. 3.); 2 Bl. Com. 379; Shep. Touch. 86, 87, 88, Preston's ed.)
But there are other rules of construction which should not be overlooked. This being a deed poll, it should be construed most strongly against the grantors. The words used are 'to be deemed their words, and if equivocal, that shall not benefit the parties using them. “ All manner of deceit is hereby avoided in deeds; for people would always affect ambiguous expressions, if they were afterwards at liberty to put their own construction on them.” (4 Cruise's Dig. tit. Deed, ch. 19, § 13; Shep. Touch. 87,88, Preston's ed.; Jackson v. Gardner, 8 Johns. Rep. 394; Adams v. Frothingham, 3 Mass. Rep. 352,361.) “ In a déed; f there be two clauses so totally repugnant to each other that they cannot stand together, the first shall be received and the latter rejected.” (Shep. Touch. 88, Preston's ed.) That which is most material and most certain in a description, shall control that which is less material and less certain. (Doe v. Thompson, 5 Cowen, 373; Newsom v. Pryor, 7 Wheat. 10; Jackson v. Wendell, 5 Wend. 147.) Where the description given in a deed contains several particulars, all of which are necessary to ascertain the land intended to be conveyed, nothing but what will correspond with all those particulars can pass by the grant, But if there be certain particulars sufficiently ascertained to locate the land, the addition of false or mistaken particulars may *458 be rejected. (Wendell v. The People, 8 Wend. 189; Loomis v. Jackson, 19 Johns. Rep. 452.) In Jackson v. Blodget, (16 Johns. Rep. 172, 179,) Chief Justice Spencer, after adverting to some of the rules of construction applicable to deeds, observed: “ These principles are the landmarks on which real property essentially depends. In Goodtitle v. Bailey, (Cowp. 600,) Lord Mansfield said, the rules láid down in respect to the construction of deeds are founded in law, reason and common sense; that they shall operate according to the intention of the parties, if by law they may, and if they cannot operate in one form, they shall operate in that which by law will effectuate the intention.”
Upon the words used in this deed the intention to convey the whole of a “ certain tract” of land, is perfectly manifest. It is the leading idea, and is expressed in the first line of the description. Every other idea in the description has reference to this as primary and controlling. The deed then proceeds to describe the premises as situated in a certain township in the county of Ontario. But this wholly fails to give a local position to the tract, nor is that attained by declaring that the quantity is “ one hundred and sixty acres of land.” These words, I admit, give us some notion of the extent óf the tract, but none whatever of its locality. The statement of quantity is matter of description ; but if that must be taken to be strictly true, the deed is necessarily inoperative. Understood in this sense, it could only convey a “ certain tract” of one hundred and sixty acres in lot number fourteen; but as there was no such tract in that lot, the deed would fail for want of certainty. This difficulty, however, is not insurmountable. We have only to reject, as we ought to do, the statement of the number of acres in the deed, always the most uncertain part of every description, (a) and all embarrassment vanishes. The land upon which the deed was to operate will then be described as “ all that cer *459 tain tract or parcel &c., situate in township number eleven in the third range of townships, county of Ontario and state of New-York,” “ in lot number fourteen, with all the hereditaments and appurtenances thereunto belonging.” These words are properly descriptive of all the land in that lot, and they should be so applied and understood. Certainty in the piece to be conveyed is an essential part of the description; and no land in the lot, short of the whole of it, can be made to satisfy the idea of certainty.
The embarrassment in the case has arisen from laying too great stress on the words, “ it being one hundred and sixty acres of land." It is assumed that this clause must he strictly true; and then, as lot number fourteen contains one hundred and eighty-five acres, it is argued that a part of it only was intended to pass. But these words are descriptive of quantity, and nothing more; and no deed was ever held void for a mistake in this respect.
Undoubtedly, effect should he given, if practicable, to every part of the description. Still, if some part is inapplicable or untrue, and enough remains to show what was intended, the deed must be upheld. The false or mistaken part should he rejected, and when that happens to be a mere statement of the quantity, it will he done without the least hesitation.(b) I understand this deed to be in effect the same as if the description had been, all the land in lot number fourteen, being one hundred and sixty acres. Such a description, although mistaken as to the quantity, would beyond all doubt have carried the entire lot.
There are cases where the description in a deed is so uncertain that of itself it conveys nothing, and yet it may become operative by the election of the grantee. Thus, “ if a man grant twenty acres, parcel of his manor, without any other description of them, yet the grant is not void, for an acre is a thing certain, and the situation may be reduced to a certainty by the *460 election of the grantee.” So “ if a man grant six hundred cords of wood, out of a large wood, the grantee hath election.” (Bac. Ab. Grants, (H.) 3; Mervyn v. Lyds, Dyer, 91.)
But these are instances where the grant is not intended, nor does it assume to indicate the particular thing to be conveyed, that being designedly left for future selection.(c) In the present case, however, a “ certain tract or parcel of land,” and not a certain quantity to be selected from a larger tract, was to pass by the grant. There was, therefore, no room for election. The law, and not the act of the grantee, must determine what parcel of land was conveyed; and if none is sufficiently described for this purpose, the deed is necessarily void. But in my opinion the deed is certain enough, and the judge should have held that its effect was to convey title to the whole lot, This would at once have ended the cause at the circuit.
The counsel for the plaintiff requested the judge to instruct the jury that the deed from Comstock and Taft conveyed one hundred and sixty acres, and no more ; but the judge declined to give such instruction, remarking that the phraseology of the deed was such that it did “ not enable the court to say with certainty that it conveyed the whole lot.” As the interpretation of the deed was a pure question of law, the judge should have construed it, although there was no error in refusing to adopt the construction urged on the part of the plaintiff. To have charged as his counsel desired, would have been a palpable error; but an omission to give any interpretation, when a correct one would have been adverse to what was claimed by the plaintiff, is not an error of which he can complain.
Ultimately, the cause went off on the fact of adverse possession, and this was submitted to the jury for their determination. I see no error in admitting or rejecting evidence relating to this question, and there was certainly no lack of testimony to sustain the verdict. It was competent to *461 prove that the lines of the lot were marked and well defined ; that the whole lot was possessed and held by Abiather Power; and that he claimed to hold and possess it as owner, under his deed from Comstock and Taft. In these respects the trial was properly conducted and the cause put to the jury in a way by no means unfavorable to the plaintiff.
I think no error was committed of which the plaintiff can complain, and that, a new trial should be denied.
New trial denied.

 See Cowen & Hill’s Notes to Phil. Ev. 1380, 1.

 See Cowen Hill’s Notes to Phil. Ev. pp. 1377 to 1382.

 See the opinion of Littledale, J. in Richardson v. Watson, (4 Barn. & Adol. 787.)